**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

GREG L. HARRIS                                                                                          PLAINTIFF

V.                                              3:16CV00298-DPM-JTK

HARMON, et al.                                                                                      DEFENDANTS

**ORDER**

Plaintiff Harris, an inmate proceeding pro se, has filed an action pursuant to 42 U.S.C. § 1983, together with a Motion to Proceed In Forma Pauperis pursuant to 28 U.S.C. § 1915 (Doc. No. 1). Plaintiff has submitted a declaration that makes the showing required by § 1915(a). Accordingly, his Motion will be granted.[1]

Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $350 for this action.[2] Plaintiff has submitted a certified copy of his Inmate Trust Fund Account Statement. Based on that information, an initial partial filing fee of $34.33 is assessed by this Order. If the prisoner's account does not contain the full amount assessed as an initial partial filing fee, the

---

[1] The Plaintiff is hereby notified of his responsibility to comply with the Local Rules of the Court, including Rule 5.5(c)(2), which states: "...If any communication from the Court to a pro se Plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

If at some stage in the litigation of this action, Plaintiff decides not to continue to prosecute this action, Plaintiff should notify the Court in the form of a motion for a voluntary dismissal pursuant to FED.R.CIV.P. 41.

In addition, if Plaintiff has not completely exhausted his administrative remedies with respect to all his claims, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. Sect. 1997e, he may file a motion to dismiss his unexhausted claims.

[2] Effective May 1, 2013, the statutory filing fee increased to $400, due to the implementation of a $50 administrative fee. This administrative fee, however, does not apply to plaintiffs who are granted in forma pauperis status.

Administrator of the Crittenden County Detention Facility shall withdraw from the account any portion of the initial filing fee available, even if the account balance is under $10.00. Regardless of the balance in the account, the Administrator of the Crittenden County Detention Facility shall continue to withdraw funds until the initial partial filing fee has been paid in full.

Thereafter, Plaintiff will be obligated to make monthly payments in the amount of 20 percent of the preceding month's income credited to Plaintiff's prison trust account each time the amount in the account exceeds $10.00. The Crittenden County Detention Facility or any future custodian is required to send to the Clerk of the Court the initial partial filing fee, and thereafter the monthly payments from the Plaintiff's prison trust account when the amount exceeds $10.00, until the statutory filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Having reviewed Plaintiff's Complaint for screening purposes only,[3] the Court finds service appropriate with respect to Plaintiff's equal protection claims against Defendants Harmon, Clark, and Coleman.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion to Proceed In Forma Pauperis (Doc. No. 1) is GRANTED.

2. The Administrator of the Crittenden County Detention Facility or his designee, shall collect from Plaintiff's prison trust account an initial partial filing fee in the amount of $34.33 and shall forward the amount to the Clerk of the Court. Said payment shall be clearly identified by the name and number assigned to this action.

3. Thereafter, the Administrator of the Crittenden County Detention Facility or his

---

[3]The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. Sect. 1915A(a).

designee, or any future custodian, shall collect from Plaintiff's prison trust account the $315.67 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20 percent of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of the Court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2).  The payments shall be clearly identified by the name and number assigned to this action.

      4.    Service is appropriate for Defendants Harmon, Clark, and Coleman.  The Clerk of the Court shall prepare summons for the Defendants and the United States Marshal is hereby directed to serve a copy of the Complaint (Doc. No. 2) and summons on Defendants without prepayment of fees and costs or security therefore.

      5.    The Clerk shall forward a copy of this Order to the Crittenden County Detention Facility, 350 AFCO Road, West Memphis, AR 72301.

IT IS SO ORDERED this 28th day of October, 2016.

_____
 JEROME T. KEARNEY
 UNITED STATES MAGISTRATE JUDGE