IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

GREG L. HARRIS                                                                                          PLAINTIFF

v.                                        3:16CV00298-JTK

HARMON, et al.                                                                                          DEFENDANTS

**MEMORANDUM AND ORDER**

**I.    Introduction**

Plaintiff Greg Harris is a former inmate who filed this pro se action pursuant to 42 U.S.C. § 1983 while incarcerated at the Crittenden County Detention Center (Jail), in October 2016 (Doc. No. 2).[1]  He requested monetary relief from Defendants for denying him due process and treating him differently than other trustees when they terminated his trustee status and delayed his release date.  Defendant Allen was dismissed on November 15, 2016 (Doc. No. 13).

This matter is before the Court on Defendants' Motion for Summary Judgment, Brief in Support, and Statement of Facts (Doc. Nos. 34-36). When Plaintiff failed to respond, this Court issued an Order on July 27, 2017, directing him to respond within fifteen days of the date of the Order, and to submit an updated Motion to Proceed in forma pauperis in order to continue prosecuting the action, given his release from incarceration (Doc. No. 37).  The Court further advised Plaintiff that failure to comply with the Order would result in all of the facts set forth in Defendants' summary judgment papers being deemed admitted, or the dismissal of the action without prejudice, for failure to prosecute. (Id.)   As of this date, Plaintiff has not responded to the

---

[1] Plaintiff notified the Court of his impending release from incarceration on December 27, 2016 (Doc. No. 25).

Motion.

## II. Complaint

Plaintiff was sentenced to a year in jail on January 22, 2016, with an early release date of September 22, 2016, given his work as a trustee at the Jail (Doc. No. 2, p. 4). However, his trustee status was "cut" on Agusut 4, 2017, when he was caught with a cigarette. (Id.) His release date also was "pushed back to January 19, 2017. (Id.) Plaintiff complained that other trustee workers who failed a drug test lost did not lost their trustee status and were released from the Jail before the end of their sentences. (Id., pp. 5-6) He requested damages for time away from family, lost wages, pain and suffering (Id., p. 9).

## III. Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party...." Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas. Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED.R.CIV.P. 56(e)(2).

### A. Official Capacity Liability

The Court agrees with Defendants that Plaintiff's monetary claims against them in their official capacities should be dismissed. A suit against a county official in his official capacity is the equivalent of a suit against the county itself. Liebe v. Norton, 157 F.3d 574, 578-9 (8th Cir. 1998). In order for a county to be held liable for the unconstitutional acts of its officials, Plaintiff must allege and prove that a written county policy or pattern of widespread unconstitutional conduct was the moving force behind the unconstitutional actions. Jane Doe A v. Special School District of St. Louis County, 901 F.2d 642, 646 (8th Cir. 1990). Plaintiff did not allege that a County policy or pattern of practice was the moving force behind Defendants' actions. Therefore, the Court finds that the monetary claims against Defendants in their official capacities should be dismissed.

### B. Individual Capacity Liability - Qualified Immunity

Defendants ask this Court to grant them qualified immunity in their individual capacities, which protects officials who act in an objectively reasonable manner. It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact.

McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. Pearson v. Callahan, 555 U.S. 223, 232 (2009).[2] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009).

In support of their Motion, Defendants present the affidavit of Teresa Bonner, the Assistant Jail Administrator, who stated that an inmate who serves as a trustee accrues good time while he is in good status, and can lose all accrued good time if Jail or trustee rules are broken. (Doc. No. 35-1, p. 3)  She also stated she was unaware of a Jail policy or unwritten practice that permits Jail employees to treat trustee violations differently based on race, religion, age, sex, or any other identifiable class. (Id.)  Defendants also present an "Application for Trustee" form which Plaintiff signed on January 25, 2016. (Doc. No. 35-2, pp. 2-3)  According to the form, Plaintiff would be

---

[2]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Nelson, 583 F.3d at 528 (quoting Pearson v. Callahan, 555 U.S. at 236).

removed from the trustee program if found in possession of contraband, and his good time would be revoked. (Id., p. 2)   Plaintiff admitted, in a grievance form he submitted on August 15, 2016, that he was found with a cigarette on his person and removed from the program. (Id., p. 4)

Based on this evidence, Defendants state, and this Court agrees, that Plaintiff cannot support a claim that they violated Plaintiff's equal protection rights when they revoked his trustee status.   The Fourteenth Amendment equal protection clause requires the government "to treat similarly situated people alike."   City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985).   Yet, "[d]issimilar treatment of dissimilarly situated persons does not violate equal protection."   Klinger v. Department of Corrections, 31 F.3d 727, 731 (8th Cir. 1994).   Plaintiff does not allege that he was treated differently due to his race, religion or any other constitutionally-protected class.   In addition, he does not provide sufficient information in his complaint to show that his situation was the same as the other inmates referred to in his Complaint who also were removed as trustees.   Therefore, absent a response from Plaintiff and additional information/evidence, the Court finds no reasonable fact finder could find that the facts alleged or shown, construed in the light most favorable to Plaintiff, establish a violation of a constitutional or statutory right.

Similarly, a due process claim based on the Defendants' actions fails, because there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.   Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979).   The Arkansas Parole statute, ARK.CODE ANN. § 16-93-201-206 (LexisNexis 2008), establishes only the possibility of parole and nothing in the Arkansas statutes creates a right of an inmate to release on parole which would invoke due process protection, Robinson v. Mabry, 476 F.Supp. 1022, 1023 (E.D.AR 1979). In addition, Plaintiff's claim for

damages based on the loss of good time credits fails, because he did not allege that the Defendants' actions were reversed, expunged or called into question by a state tribunal or federal court.   In Heck v. Humphrey, the United States Supreme Court held that if a judgment in favor of a prisoner in an action under 42 U.S.C. § 1983 would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no damages claim lies unless the conviction or sentence is reversed, expunged, or called into question by a state tribunal or federal court. 512 U.S. 477, 486-7 (1994).   See also Sheldon v. Hundley, 83 F.3d 231 (8th Cir. 1996). In this case, a judgment in favor of Plaintiff on his Complaint for damages would imply the invalidity of his incarceration in the Jail from August 2016 until his release in December 2016, and Plaintiff did not allege or offer any evidence that his sentence was reversed, expunged or called into question by a state tribunal or federal court.    Therefore, his claim for money damages must fail.

**IV.**   **Conclusion**

IT IS, THEREFORE, ORDERED that Defendants' Motion for Summary Judgment (Doc. No. 34) is GRANTED, and Plaintiff's Complaint against Defendants is DISMISSED with prejudice.

An appropriate Judgment shall accompany this Memorandum and Order.

IT IS SO ORDERED this 14th day of August, 2017.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE